UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| DONALD ALLEN RAINES, | ) | |
| | ) | Case No. 1:18-CV-180 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| SEQUATCHIE COUNTY SHERIFF'S OFFICE, | ) ) ) | |
| *Respondent*. | | |

**MEMORANDUM OPINION**

The Court is in receipt of a pro se prisoner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4]. As it appears from the motion for leave to proceed *in forma pauperis* that Petitioner lacks sufficient financial resources to pay the $5.00 filing fee, this motion [*Id.*] will be **GRANTED.** For the reasons set forth below, however, this action will be **DISMISSED** without prejudice due to Petitioner's failure to exhaust his available state-court remedies.

Petitioner seeks habeas corpus relief in this action based on his assertion that, in or about May of 2018, he pleaded guilty to various charges that involved improper search and seizure procedures and jurisdictional issues [Doc. 1 p. 3]. Petitioner states that he has tried to address these matters with jail officials, but he has been refused [*Id.*]. Petitioner also asserts that he seeks damages for mental and emotional damages, as well as lost wages [*Id.*].

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S.

838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).

To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365–66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

It is apparent from the petition that, three months ago, Petitioner pleaded guilty to the charges for which he now seeks habeas corpus relief. Although Petitioner states that he has sought to address the issues in his § 2254 petition with jail officials, he alleges nothing concerning any direct appeal or post-conviction relief in state-court proceedings. Petitioner has not pursued state-court remedies for his convictions, much less exhausted those remedies.[1]

---

[1] Moreover, it is apparent that the time period for Petitioner to seek post-conviction relief for these convictions has not passed and that remedy is therefore available to Petitioner. Tenn. Code. Ann § 40-30-102(a) (providing that a person in custody under a Tennessee state court judgment may file a petition for post-conviction relief within one-year of the date on which the judgment became final).

Further, to the extent that Petitioner seeks monetary relief for any violations of his civil rights, any such cause of action must be filed under 42 U.S.C. § 1983. *Muhammed v. Close*, 540 U.S. 749, 750 (2004) (noting that damages are unavailable as relief in habeas cases but available in cases filed under § 1983).[2] Accordingly, this § 2254 petition will be **DISMISSED** without prejudice for failure to exhaust available state remedies.

The Court must now consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that jurists of reason would not debate the Court's finding that Petitioner has not exhausted his state court remedies. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R:**

---

[2] Any such § 1983 action may also be premature due to Petitioner's failure to pursue any state-court remedies. *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that that an action for damages for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a state conviction or sentence invalid" cannot be maintained unless the prisoner can show that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus").

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**